**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KEVIN C. BROWN,

                                    Plaintiff,

    v.                                                                      6:17-CV-1190
                                                                                        (BKS/ATB)

UTICA POLICE DEPARTMENT, et al.,

                                    Defendants.

KEVIN C. BROWN, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION and ORDER

The Clerk has sent to the court for review an amended complaint brought by plaintiff Kevin C. Brown pursuant to 42 U.S.C. § 1983. (Amended Complaint ("AC")) (Dkt. No. 10). Plaintiff alleges, inter alia, that the individual defendants conducted an unconstitutional search of his person at the time of his arrest. I reviewed plaintiff's original complaint on November 16, 2017 and issued an Order and Report-Recommendation ("ORR") in which I granted plaintiff's in forma pauperis ("IFP") status, denied plaintiff's motion for appointment of counsel without prejudice, and recommended dismissal of certain of plaintiff's claims with leave to amend. (Dkt. No. 9). I informed plaintiff of his right to file objections to my ORR. (Dkt. No. 9 at 11).

Instead of objecting to the ORR, plaintiff filed an amended complaint on December 12, 2017. (Dkt. No. 10). On December 20, 2017, the Honorable Brenda K. Sannes rejected the portion of my report which recommended dismissing certain claims without prejudice because plaintiff's amended complaint rendered my recommendation moot. (Dkt. No. 11 at 2). Judge Sannes rejected as moot *only* "the portion of the

Report-Recommendation that recommends dismissal of the complaint . . . ." (*Id.*) Thus, my order granting IFP[1] and my order denying plaintiff's motion for appointment of counsel have been approved. Judge Sannes has referred to me the review of plaintiff's amended complaint. (Dkt. No. 11 at 2).

## II. <u>Amended Complaint</u>

The facts in plaintiff's amended complaint are essentially identical to the facts as stated in plaintiff's original complaint. Based on this court's recommendation, plaintiff has amended his causes of action. There is, however, one problem with plaintiff's amended complaint. Plaintiff has submitted only a partial complaint and asks that the court "add" pages from his original complaint to all the copies of his amended complaint. Normally, an amended complaint supercedes the original completely, and the plaintiff must not incorporate any part of the original complaint by reference. The court should also not be in the position of creating plaintiff's amended complaint by rearranging and adding pages to the pleading. Unfortunately, this court's recommendation did not include that warning. In addition, plaintiff's request appears to be straightforward, and the court will direct the clerk to add the handwritten "extra" pages from the original complaint to plaintiff's amended complaint and the copies of the amended complaint that he has submitted for service on the defendants. I will briefly review the facts for clarity, point out any differences between the two complaints, and describe the new or different causes of action in the AC.

---

[1] The court will remind plaintiff that although his application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

2

Plaintiff alleges that on August 14, 2017, at 11:30 a.m. in Utica, New York, he was "stopped and detained" by Officer Mahay and immediately put in handcuffs. (AC ¶ 6 at 5).[2] Plaintiff states that he was told that the arrest was part of an investigation. (*Id.*) Soon, thereafter, defendants Sergeant Mark Fields and Investigator Paul Paladino of the Utica Police arrived on the scene, accompanied by Investigator David Desens. (*Id.* at 5). Plaintiff claims that defendant Paladino approached plaintiff and began frisking him, "aggressively focusing on my buttocks area."[3] (*Id.*) Plaintiff claims that defendant Paladino stuck his thumb in the plaintiff's anus. (*Id.*)

The rest of the facts are contained in the pages attached to the original complaint. (Dkt. No. 1 at 6-11) (yellow legal sized hand-written sheets attached to the original complaint). Thus, the court will cite to the CM/ECF pages in the original complaint. In these pages, plaintiff states that he began asking bystanders for help, and defendant Paladino responded by placing plaintiff in the back seat of Police Car 25 and instructing Officer Mahay to drive plaintiff to the Utica Police Station. (*Id.*) Defendant Paladino followed in his own vehicle. Plaintiff admits that, during the ride to the police station,

---

[2] The court will cite to the pages of the complaint and the AC that have been assigned by the court's electronic filing system CM/ECF.

[3] It is here that there is some overlap between the original complaint and the amended complaint. (*Compare* Dkt. No. 1 at 5-6 *with* Dkt. No. 10 at 5). Dkt. No 10 at 5 ends with the phrase "he immediately began frisking me aggressively focussing [sic] on my buttocks area, sticking his thumb into my anus, i [sic] began asking ongoing . . . continued on separate sheets of paper." While Dkt. No. 1 appears to be written on a different form and has facts at the top of page 5, ending with "he immediately began frisking me, aggressively focusing on my buttocks area . . . continued on separate sheets of paper." This slight discrepancy does not change the meaning of, or claims contained in, the AC. However, this slight confusion does demonstrate why the rule is that any amended complaint must supercede the original, and it is not appropriate for parties to request that the court reshuffle documents to create a new pleading.

3

he "began stuffing evidence [he] had consealed [sic] in [his] buttock cavity area into my anal cavity/rectum per the rear of my pants." (*Id.*)  Officer Mahay looked in his rear-view mirror, observed plaintiff moving around, and told him to "knock it off."

Plaintiff claims that Officer Mahay then used his radio and pulled his car over in front of the Stanley Theater in Utica.  Defendant Paladino and defendant Mark Fields pulled up behind Officer Mahay's car.  The officers had a discussion outside the vehicles, and then opened the car door and put a seatbelt around plaintiff.  Defendant Paladino then told plaintiff that the "Butt trick" would not work this time.[4] (*Id.*)  Plaintiff claims that when they arrived at the police station, both hands were handcuffed to a bench in a holding cell, where plaintiff was forced to wait for at least an hour while defendant Paladino attempted to obtain a warrant to search plaintiff's body. (*Id.* at 8).  Plaintiff alleges that he was under constant surveillance during that time. (*Id.*)

Plaintiff claims that when defendant Paladino returned with a warrant, plaintiff was escorted to a cell at the back of the station and instructed to sit on a bed.  Plaintiff claims that the handcuffs were never removed. (*Id.*)  Plaintiff then describes the subsequent search in detail. (*Id.* at 8-9).  Without reciting each detail, the court notes that plaintiff claims that the body cavity search was improperly conducted.  Plaintiff alleges that he was forced to bend over multiple times, was left "bottomless" with only

---

[4] Apparently, this was not the first time that plaintiff attempted to conceal contraband in his rectum. (*Id.*)  Plaintiff spends the next page and one half describing the previous incident which occurred in 2013 and involved defendant Paladino and someone named "Peter" Paladino. (Compl. ¶ 6 at 6-7).  The prior incident ended when plaintiff arrived at the Utica Police Station, and "the Body Warrant was properly executed by Inv. Peter Paladino." (*Id.* at 7).  Plaintiff claims that although the officers could see the evidence, and instructed plaintiff to remove it, when he refused, Inv. Peter Paladino would not let defendant Paul Paladino retrieve it.  As a result, plaintiff states that he plead guilty to "a fine in 2014." (*Id.*)  Plaintiff then continues with the facts of the current incident. (*Id.*)

4

a T-Shirt, and was handcuffed the entire time.

Plaintiff alleges that when he refused to cooperate with the officers, defendant Paladino "aggressively got in [plaintiff's] face and told him that the officers knew that he had drugs in his anal cavity, and either plaintiff could remove them, or defendant Paladino was going to remove them himself. (*Id.* at 10). Ultimately, plaintiff claims that defendant Paladino reached into plaintiff's rectum to retrieve the contraband, while he was handcuffed and restrained by Officer Mahay and Investigator Desens.[5]

Plaintiff states that the entire incident was degrading. He was disrobed by defendant Paladino, left with no pants or underwear, while being held by two police officers in a cell for at least half an hour, forced to bend over multiple times , and eventually was the subject of a sexual assault by defendant Paladino. (*Id.*) Plaintiff claims that defendant Fields stood and watched the intrusion without acting or remedying the situation. (*Id.* at 11). Plaintiff claims that the officers lied about their conduct in their report of the incident. Plaintiff alleges that the "matter" is with "Internal Affairs." (*Id.*) Plaintiff claims that the Utica Police Department has failed to properly train and supervise its officers because this incident was allowed to occur.

The original complaint contained three causes of action, two of which ths court found did not state a claim. In his amended complaint, plaintiff has now corrected the errors that he made in the original complaint. He now raises the following causes of action:

>(1) Defendant Paladino violated plaintiff's Fourth
>Amendment rights when he conducted an unconstitutionally

---

[5] Neither of these individuals are named as defendants.

intrusive body cavity search, during and after plaintiff's arrest.[6]

(2) Defendant Fields violated plaintiff's Fourth Amendment rights when he failed to intervene during defendant Paladino's unconstitutional search.

(3) The City of Utica[7] failed to properly train its employees, which allowed the above Fourth Amendment violations to occur.

For a more detailed description, reference is made to the Causes of Action contained in the AC. (Dkt. No. 10 ¶ 7 at 6). Plaintiff seeks declaratory, injunctive, and substantial monetary relief. Because plaintiff has corrected the errors that he made in his original complaint, this court will now order service of the amended complaint on the three defendants listed in the AC.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the Clerk substitute the **CITY OF UTICA** for the Utica Police Department as a defendant in this action according to the AC, and it is

**ORDERED**, that the Clerk is directed to copy Dkt. No. 1 at 6-11 (yellow legal sized hand-written sheets attached to the original complaint) and attach the new pages to the amended complaint (Dkt. No. 10) and to the extra copies of the "AC" that plaintiff submitted for service on defendants, between CM/ECF pages 5 and 6 of the

---

[6] Although it is not clear, the court assumes that plaintiff is referring to both instances in which defendant Paladino touched plaintiff anus. Plaintiff states that this occurred once when he was first pulled over and second - and more intrusive - at the police station. Because plaintiff is pro se, the court must interpret his complaint to raise the strongest claims that it suggests. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

[7] The plaintiff has properly substituted the City of Utica for the Utica Police Department as a defendant.

AC.  The new document will become the operative pleading in this action, and it is

    **ORDERED**, after assembling the AC, the Clerk is directed to issue summonses and forward them, along with copies of the AC to the United States Marshal for service upon the three defendants.  The Clerk is also directed to forward a copy of the summons and complaint to the Corporation Counsel for the City of Utica, and it is

    **ORDERED**, that a formal response to plaintiff's complaint be filed by the defendants or defendants' counsel as provided in the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and it is

    **ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel.  **<u>Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys may be stricken by the Court.</u>**  Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All motions shall comply with the Local Rules of Practice of the Northern District, and it is

    **ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Dated: December 21, 2017

*[signature: Andrew T. Baxter]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge